



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 1, 2024**

*United States Bankruptcy Judge*

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LION STAR NACOGDOCHES HOSPITAL, | ) | Case No. 23-43535-mxm |
| LLC d/b/a NACOGDOCHES MEMORIAL | ) | |
| HOSPITAL | ) | Chapter 11 Case |
| | ) | |
| Debtor. | ) | |

**STIPULATION AND AGREED ORDER
CONFIRMING CASH RECEIVED FROM SUPPLEMENTAL FEE PROGRAMS
<u>CONSTITUTES "DIP COLLATERAL" AND GRANTING RELATED RELIEF</u>**

This stipulation and agreed order (the "<u>Stipulation and Agreed Order</u>") is made by and between Lion Star Nacogdoches Hospital, LLC (the "<u>Debtor</u>") and eCapital Healthcare, Corp. ("<u>DIP Lender</u>", and with the Debtor, the "<u>Parties</u>").

A. On December 22, 2023, the Court entered the *Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing on a Secured, Superpriority Basis; (II) Authorizing the Debtor to Use Cash Collateral; (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 127] (the "<u>DIP Order</u>"), which authorized the Debtor's entry into the *Superpriority*

*Debtor-In-Possession Credit and Security Agreement* between the Debtor and the DIP Lender (the "DIP Credit and Security Agreement").[1]

B. The Debtor routinely participates in various state-wide supplemental and direct payment programs managed by the Texas Health and Human Services Commission which allow for supplemental Medicaid fees to be paid to participating health care providers, including, without limitation, such programs as the Uncompensated Care Program (UC), the Hospital Augmented Reimbursement Program (HARP), Disproportionate Share Hospitals Funding (DSH), the Comprehensive Hospital Increase Reimbursement Program (CHIRP) and similar programs (collectively, the "Supplemental Payment Programs"). Payments made and to be made to the Debtor pursuant to the Supplemental Payment Programs are defined herein as "Supplemental Payments." For example, payments under the UC Payment Program may be used by participating hospitals to reduce the actual uncompensated cost of medical services provided to uninsured individuals who meet a provider's charity care policy. The Debtor expects to receive at least $2,100,000 in Supplemental Payments pursuant to the UC Program in the first quarter of 2024.

**NOW, THEREFORE**, in consideration of the Recitals set forth above, which are incorporated herein by this reference, the Parties hereby stipulate and agree, and the Court **ORDERS**, as follows:

1. All of the Debtor's Supplemental Payments and proceeds thereof received pursuant to the Supplemental Payment Programs are included in the definition of "DIP Collateral" (as defined in the DIP Order).

2. The DIP Liens (as defined in the DIP Order) are secured by the Supplemental Payments and the proceeds thereof, in addition to the other items included in the definition of DIP Collateral as set forth in the DIP Order and the DIP Credit and Security Agreement.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the DIP Order or the DIP Credit and Security Agreement, as applicable.

3. The inclusion of the Supplemental Payments and the proceeds thereof in the calculation of the Borrowing Base is subject to the DIP Lender's sole and absolute discretion.

4. The Parties are authorized to execute and deliver any documents and take such other actions as necessary or appropriate to implement and effectuate the relief granted by this Stipulation and Agreed Order.

5. Nothing in this Order shall be deemed to limit the DIP Superiority Claim or the DIP Collateral.

6. All rights and relief granted in the DIP Order to the DIP Lender related to the DIP Liens, DIP Superpriority Claim, and DIP Collateral shall apply to the Supplemental Payments and the proceeds thereof.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Stipulation and Agreed Order.

### END OF ORDER ###

**Approved, Stipulated, and Agreed By:**

*/s/ Lynda L. Lankford*
Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, TX  76102
Telephone: 817-877-8855
Facsimile:   817-877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

**COUNSEL TO DEBTOR**

*/s/ Edward J. Green*
Edward J. Green (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654

Tel: (312) 832-4500
Fax: (312) 832-4700
Email: egreen@foley.com


Alissa M. Nann (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
Email: anann@foley.com

Jake W. Gordon (Admitted *Pro Hac Vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
Tel: (313) 234-7100
Fax: (313) 234-2800
Email: jake.gordon@foley.com

**COUNSEL FOR ECAPITAL HEALTHCARE CORP.**

L:\JPROSTOK\Lion Star Nacogdoches Hospital, LLC #6429\Pleadings\Stipulation and AO re Supplemental Fees 2.1.24.docx